[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, George Burnett, appeals from his conviction for possession of cocaine in violation of R.C. 2925.11(A). The trial court sentenced Burnett to eight months in prison. In his sole assignment of error, Burnett argues that his conviction was against the manifest weight of the evidence. We disagree.
To reverse a conviction on the manifest weight of the evidence, a reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact lost its way and created a manifest miscarriage of justice.[1] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[2] In weighing the evidence, the trier of fact is free to believe all, part, or none of any witness's testimony.[3]
Our review of the record reveals that Burnett's vehicle was stopped by Cincinnati police officer Lynette Pleasant because of expired tags and a warrant for Burnett's arrest for domestic violence. Officer Pleasant placed Burnett under arrest and performed a pat-down search for sharp objects and/or weapons. During the search, she discovered a plastic bag with tissues and medication in Burnett's coat pocket.
Because Officer Pleasant's shift was coming to an end, she radioed for assistance in transporting Burnett to the Hamilton County Justice Center. Officer Bryce Bezdek and his training officer, Ron Sanden, responded to assist Officer Pleasant. Prior to transferring Burnett from Officer Pleasant's cruiser, Officer Bezdek performed a pat-down search of Burnett for sharp objects and/or weapons. Bezdek found several tissues in the front right pocket of Burnett's pants. Officer Bezdek, who did not want to expose himself to anything that could be contained in the tissues, returned them to Burnett's pocket and transported him to the Hamilton County Justice Center.
During the intake process at the Hamilton County Justice Center, Deputy Alan Smith performed a routine pat-down search of Burnett. Deputy Smith discovered a tissue in the right front pocket of his pants. Upon opening the tissue, he saw a paraffin-coated crack rock. A cobalt test performed immediately thereafter by Deputy Smith confirmed that the substance in the tissue found on Burnett was crack cocaine.
Burnett argues that inconsistencies in the testimony of the three officers who performed the pat-down searches indicates deficiencies in the evidence. The record reveals that tissues were found on Burnett in all three searches. It was not until Burnett was processed at the Hamilton County Justice Center that one tissue was opened and cocaine was discovered inside. Thus, the trial court could have reasonably concluded that Burnett had possessed the cocaine. We cannot, therefore, hold that the trial court, as the trier of fact, lost its way and created such a manifest miscarriage of justice that we must reverse Burnett's conviction and order a new trial. As a result, we overrule Burnett's sole assignment of error.
In addition to raising the one assignment of error, Burnett's appellate counsel has appended two pro se assignments of error as "Exhibit B" to the brief. In the first pro se assignment of error, Burnett contends that the trial court erred in sentencing him to more than the minimum term of imprisonment. In his second pro se assignment of error, Burnett argues that his counsel's failure to request an independent drug analysis was ineffective assistance of counsel.
We decline to address either assignment because they fail to comply with the rules of appellate procedure. Burnett's pro se assignments of error, which are appended as an exhibit to his brief, have no arguments supporting their contentions, have no citations to the authorities, statutes or parts of the record relied on, and thus fail to comply with Appr.R. 16(A).[4] Accordingly, we decline to review these assignments of error under App.R. 12(A)(2).[5] As a result, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] See Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547.
[2] State v. Thompkins, supra, at 387, 678 N.E.2d at 546-547.
[3] See State v. Hawkins (1993), 66 Ohio St.3d 339, 612 N.E.2d 1227, citing State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
[4] App.R. 16(A)(7) states that an appellant shall include in the brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
[5] App.R. 12(A)(2) states that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately as required under App.R. 16(A)."